UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MOHAMED G. SHADID,

      Plaintiff,         17CV1292(SJ)(RER)

  - against -           AMENDED COMPLAINT AND
                 DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, SHARESE BROOKS,
BRIAN DENNEHY, MUHAMMED AHASAN, and  ECF CASE
"JOHN DOE" #1 - 9, all in Their Individual Capacities
and in Their Official Capacities,

      Defendants
----------------------------------------------------------------x

  Plaintiff, by his attorneys, Michelstein & Ashman, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

  1. This is a civil rights action to redress the defendants' violations of the rights accorded to plaintiff Mohamed Shadid by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws and the Constitution of the State of New York.

  2. Plaintiff Mohamed G. Shadid is a citizen of the United States who was present in a subway car in the Broadway Junction station of the L line of the New York City subway system in Brooklyn, New York on December 10, 2015, when he was arrested by New York City police officers Sharese Brooks and "John Doe" #1 - 9 on a false charge of occupying more than one seat in a subway car, subjected to a pat-down search, deprived of two cell phones, handcuffed, removed to the Transit District 33 precinct, where he was imprisoned, and subsequently transported to Brooklyn Central Booking, where he continued to be imprisoned until his arraignment on December 11, 2015,

when the charge against him was adjourned in contemplation of dismissal and he was released.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violations of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Eastern District of New York, defendant Sharese Brooks can be found within the Eastern District of New York, and defendant The City of New York is a municipal corporation located in the Eastern District of New York which is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

6. Plaintiff Mohamed G. Shadid is a citizen of the United States.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Sharese Brooks is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Sharese Brooks was acting within the scope of her employment by defendant The City of New York.

11. Defendant Brian Dennehy is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer, with the rank of sergeant.

12. At all times relevant herein, defendant Brian Dennehy was acting within the scope of his employment by defendant The City of New York.

13. Defendant Muhammed Ahasan is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant Muhammed Ahasan was acting within the scope of his employment by defendant The City of New York.

15. Defendants "John Doe" #1 - 9 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

16. At all times relevant herein, defendants "John Doe" #1 - 9 were acting within the scope of their employment by defendant The City of New York.

## NOTICE OF CLAIM

17. On March 7, 2016, and within 90 days of the accrual of his claims herein, plaintiff Mohamed G. Shadid served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

18. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

19. Plaintiff incorporates by reference paragraphs 1 through 14 of this complaint as though the same were set forth fully herein.

20. On December 10, 2015, plaintiff Mohamed G. Shadid was lawfully present as a passenger on a subway car at the Broadway Junction station of the L line of the New York City subway system.

21. At the above time and place, defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan and "John Doe" #1 - 9 approached plaintiff Mohamed G. Shadid instructed him to exit the subway car.

22. Defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan and "John Doe" #1-9 thereupon arrested plaintiff Mohamed on a false charge of Disorderly Conduct under Rule 1050.7(j) of the New York City Transit Rules of Conduct based on a false claim that the plaintiff had occupied more than one seat in the subway car.

23. Defendants Sharese Brooks and Brian Dennehy subsequently charged plaintiff Mohamed G. Shadid with the violation of Disorderly Conduct under Rule 1050.7(j) of the New York City Transit Rules of Conduct based on a false claim that the plaintiff had occupied more than one seat in the subway car.

24. Plaintiff Mohamed G. Shadid had not violated Rule 1050.7(j) of the New York City Transit Rules of Conduct.

25. Defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan and "John Doe" #1 - 9 did not have a warrant or other legal process authorizing the arrest of plaintiff Mohamed G. Shadid.

26. One of the defendants subjected plaintiff Mohamed G. Shadid to a pat-down search.

27. One of the defendants seized two cell phones from plaintiff Mohamed G. Shadid.

28. The defendants did not have a warrant or other legal process authorizing the seizure of the cell phones from plaintiff Mohamed G. Shadid.

29. The cell phones seized from plaintiff Mohamed G. Shadid have never been returned.

30. One of the defendants handcuffed plaintiff Mohamed G. Shadid.

31. Defendants Sharese Brooks, Brian Dennehy and Muhammed Ahasan transported plaintiff Mohamed G. Shadid to the Transit District 33 precinct, where the plaintiff was imprisoned.

32. The plaintiff was subsequently transported to Brooklyn Central Booking, where he was imprisoned until his arraignment.

33. On December 11, 2015, plaintiff Mohamed G. Shadid was arraigned before a judge of the Criminal Court of the City of New York, County of Kings, the charge against him was adjourned in contemplation of dismissal, and he was released from custody.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

34. Plaintiff incorporates by reference paragraphs 1 through 33 of this complaint as though the same were set forth fully herein.

35. The seizure, detention, arrest, and imprisonment of plaintiff Mohamed G. Shadid by defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan and "John Doe" #1 - 9 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

36. Defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan and "John Doe" #1 - 9 acted in concert in the unconstitutional arrest of plaintiff Mohamed G. Shadid and/or could

have intervened to stop the arrest.

37. The seizure, detention, arrest, and imprisonment of plaintiff Mohamed G. Shadid were made without probable cause to believe that he had committed a crime or offense.

38. The charge upon which defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan and "John Doe" #1 - 9 arrested plaintiff Mohamed G. Shadid was false.

39. The charge was made by defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan and "John Doe" #1 - 9 against plaintiff Mohamed G. Shadid with knowledge that it was false.

40. Plaintiff Mohamed G. Shadid was aware of his seizure, detention, arrest and imprisonment by defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan and "John Doe" #1 - 9.

41. Plaintiff Mohamed G. Shadid did not consent to his seizure, detention, arrest or imprisonment.

42. As a result of the foregoing, plaintiff Mohamed G. Shadid was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

43. The seizure, detention, arrest and imprisonment of plaintiff Mohamed G. Shadid deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

44. Defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan and "John Doe" #1 - 9 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Mohamed G. Shadid.

45. Defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan and "John Doe" #1 - 9 deprived plaintiff Mohamed G. Shadid of his right to be secure in his person against

unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Mohamed G. Shadid on a false criminal charge.

## COUNT TWO
## UNREASONABLE SEIZURE OF PROPERTY UNDER 42 U.S.C. §1983

46. Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint as though the same were set forth fully herein.

47. The seizure of two cell phones from plaintiff Mohamed G. Shadid was made without any warrant or other legal process directing or authorizing the seizure of the cell phones.

48. Defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan and "John Doe" #1 - 9 acted in concert the seizure of cell phones from plaintiff Mohamed G. Shadid and/or could have intervened to prevent the seizure of the cell phones.

49. As a result of the seizure of the cell phone, plaintiff Mohamed G. Shadid was deprived of the possession and use of the cell phones.

50. The seizure of a cell phone from plaintiff Mohamed G. Shadid deprived him of his right to be secure in his effects against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

51. The seizure of a cell phone from plaintiff Mohamed G. Shadid deprived him of his right not t be deprived of property without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

52. Defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan and "John Doe" #1 - 9 were acting under color of state law when they seized two cell phones from plaintiff Mohamed G. Shadid.

53. Defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan and "John Doe" #1 - 9 deprived plaintiff Mohamed G. Shadid of his right to be secure in his effects against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of property without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing two cell phones from plaintiff Mohamed G. Shadid.

## COUNT THREE
## COMMON LAW ASSAULT AND BATTERY

54. Plaintiff incorporates by reference paragraphs 1 through 53 of this Complaint as though the same were set forth fully herein.

55. Defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan, "John Doe" #1 - 9 and the City of New York committed an assault and battery on the person of plaintiff Mohamed G. Shadid by handcuffing his wrists.

56. As a result of the foregoing, plaintiff Mohamed G. Shadid experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT FOUR
## COMMON LAW ASSAULT AND BATTERY

57. Plaintiff incorporates by reference paragraphs 1 through 56 of this Complaint as though the same were set forth fully herein.

58. Defendants Sharese Brooks, "John Doe" #1 - 9 and The City of New York committed an assault and battery on the person of plaintiff Mohamed G. Shadid by subjecting the plaintiff to a pat down search.

59. As a result of the foregoing, plaintiff Mohamed G. Shadid experienced physical discomfort and emotional distress, hardship and anxiety.

## COUNT FIVE
## COMMON LAW FALSE IMPRISONMENT

60. Plaintiff incorporates by reference paragraphs 1 through 59 of this Complaint as though the same were set forth fully herein.

61. Defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan, "John Doe" #1 - 9 and The City of New York falsely imprisoned plaintiff Mohamed G. Shadid by seizing, detaining, arresting and imprisoning him on a false criminal charge.

62. As a result of the foregoing, plaintiff Mohamed G. Shadid was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT SIX
## COMMON LAW CONVERSION OF PERSONAL PROPERTY

63. Plaintiff incorporates by reference paragraphs 1 through 62 of this Complaint as though the same were set forth fully herein.

64. Defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan and "John Doe" #1 - 9 did not have a warrant or other legal process authorizing the seizure of cell phones from plaintiff Mohamed G. Shadid.

65. The cell phones which the defendants seized from plaintiff Mohamed G. Shadid were neither the instrumentality nor the proceeds of a crime.

66. Defendants Sharese Brooks, Brian Dennehy, Muhammed Ahasan and "John Doe" #1 - 9 intended to seize the cell phones from plaintiff Mohamed G. Shadid.

67. Defendants Sharese Brooks and "John Doe" #1 - 9 seized the cell phones from plaintiff Mohamed G. Shadid with the intent of depriving the plaintiff of the cell phones.

68. The defendants have failed to return the cell phones to plaintiff Mohamed G. Shadid.

69. As a result of the seizure and retention of the cell phones by the defendants, the plaintiff was deprived of the possession and use of the cell phone.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Mohamed G. Shadid compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Mohamed G. Shadid punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
       June 22, 2018

                                        MICHELSTEIN & ASHMAN, PLLC

                                        By:_____
                                            Eugene M. Bellin (EB0722)
                                            Attorneys for Plaintiff
                                            485 Madison Avenue, 16th Floor
                                            New York, New York 10022
                                            (212) 588-0880
                                            malaw485@yahoo.com

69. As a result of the seizure and retention of the cell phones by the defendants, the plaintiff was deprived of the possession and use of the cell phone.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Mohamed G. Shadid compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Mohamed G. Shadid punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
July 9, 2018

MICHELSTEIN & ASHMAN, PLLC

By:_____S/_____
Eugene M. Bellin (EB0722)
Attorneys for Plaintiff
485 Madison Avenue, 16th Floor
New York, New York 10022
(212) 588-0880
malaw485@yahoo.com